Lewis, Governor, etc., vs. Stout and others.

LEWIS, GOVERNOR, etc., vs. STOUT and others.

*Statutes, repeal of; Sec. 7, chap. 114, Laws of 1858; Sec. 15, chap. 315, Laws of 1860.—Bond of state printer.—Pleading.*

1. It is a general rule, that a statute which revises the subject matter of a former one, works a repeal without express words to that effect.

2. But under sec. 15, chap. 315, Laws of 1860 (which provides that " all acts and parts of acts *inconsistent* with the provisions" of that act should be repealed), *Held*, that the provisions of former acts relative to the same subject, not inconsistent with said act, remained in force.

3. The provision of sec. 7, chap. 114, Laws of 1858, that the bond given by the successful bidder for the public printing should *run to the governor*, remained in force after said chap. 315 took effect.

4. Even if this were not so, a bond so executed would be a valid obligation, on which a common law action might be maintained.

5. The repeal, by chap. 182, Laws of 1865, of sec. 5 of said chap. 315, (which required such bidder to execute his bond), did not release a bond given under it; no such intention being inferrible from the provisions of the repealing act.

6. The complaint avers that defendants bound themselves to the state of Wisconsin, by a bond running to plaintiff, as governor, and to his successors in office; and that such bond was executed to plaintiff as trustee of an express trust, etc. *Held*, that a general demurrer admitted that plaintiff was such trustee.

APPEAL from the Circuit Court for *Dane* County.

Action on a bond, executed in 1864, as security upon a bid to do the state printing. The complaint avers, in substance, that plaintiff was governor of the state of Wisconsin on the 27th of August, 1864, and still continued to be such governor; that on that day, *Stout* and three others of the defendants (naming them), as partners under the name of Peter Stout & Co., entered into an agrement with the state of Wisconsin, whereby they covenanted to do all the printing for the state, etc., etc. (specifying it in conformity with chap. 315, Laws of 1860); that as a security for the faithful performance of the work, said defendants as principals, and

the other defendants as sureties, on the same day, " executed and delivered to the state of Wisconsin a bond," etc., wherein and whereby they bound themselves, etc., " unto *James T. Lewis, Governor, etc.*, plaintiff, and to his successors in office, in the penal sum of $30,000," conditioned to do said work according to the agreement; and " that said bond was executed to the said plaintiff for the use and benefit of the state of Wisconsin, as trustee of an express trust, and this action is prosecuted for the benefit of said state." Breach and damages are then alleged, and judgment demanded in the usual form.

The defendants demurred to the complaint for insufficiency; and appealed from an order overruling the demurrer.

*Geo. B. Smith* and *E. T. Wakeley*, for appellants, stated that they represented the sureties, whose obligations were *stricti juris*, and contended that there was no statute authorizing such a bond to be given to the governor; chap. 315, Laws of 1860, being a complete substitute for the act of 1858, and its provisions in regard to the state printer's bond being inconsistent with those of the latter act. The commissioners designated by the law of 1860 had no power to act for the state except what that act conferred upon them. The law did not prescribe in terms to whom the printing contract or the bond should run; but the state was the party in interest, and the contract was properly made with it; and for a like reason the bond should have run to it. 2. The law under which the contract was let has been repealed *by one of the contracting parties*, and by this the contract and bond have been cancelled. *State v. Ingersoll*, 17 Wis., 633. 3. This was not, in any proper sense, a *voluntary* bond, since the act of 1860 required a bond to be executed by the successful bidder, and since it may be presumed to have been required by the commissioners in this form. This

mistake cannot deprive it of the attributes of a statutory bond. *Armstrong v. U. S.*, Peters' C. C., 47; *U. S. v. Howell*, 4 Wash. C. C., 620; *Purple v. Purple*, 5 Pick., 226; *Barnard v. Viele*, 21 Wend., 88; *Kentucky v. Bassford*, 1 E. D. Smith, 218; 1 N. Y., 368; Sedgw. on Stat. and Con. Law, 129–33. If the defendants owe the state of Wisconsin any damages, the state should bring an action for it, and no one else is authorized to do so.

*The Attorney General* and *P. L. Spooner*, for respondent.

DIXON, C. J.    It is a general rule in the construction of statutes, that a statute which revises the subject matter of a former statute, works a repeal of such former statute without express words to that effect.    The act of March 31, 1860 (Laws of 1860, chap. 315), to provide for letting the public printing by contract, seems to be a substitute for the previous act on the same subject (Laws of 1858, chap. 114—R. S., p. 92,); and this rule would no doubt govern in its construction but for the language of the fifteenth section.    That section provides that " all acts, and parts of acts, inconsistent with the provisions of this act, are hereby repealed."    This language seems to indicate very clearly that if there were any parts of the former act not " inconsistent," the same were not to be repealed.    It was provided by section 7 of the former act, that the bond to be given by the successful bidder conditioned for the faithful performance of the duties assigned him, should be executed to the governor.    Section 5 of the latter act provides for the execution of a similar obligation, but contains no directions as to the person or officer to whom the same shall be executed.    It is consistent, therefore, with the latter act, that the provision of the former as to the execution of the bond to the governor should remain in full force.    I am of opinion that such is the true construction, and that the bond in suit was properly so executed.

But if I am wrong in this, and the bond should, as is contended, have been executed to the state instead of the governor, then, though it is not good as a statutory bond, it is nevertheless binding as a voluntary obligation, upon which an action at common law may be maintained. The authorities to this point are too numerous to be cited, and, as is observed in one of them, there is no case to be found contradicting the position. *The Governor v. Allen and McMurdie*, 8 Humph., 176; *Goodrum v. Carroll*, 2 Humph., 490; *Croy v. Ohio*, Wright, 135; *Hibbits v. Canada*, 10 Yerg., 465; *Kavanagh v. Saunders*, 8 Greenl., 422; *Hay v. Rogers*, 4 Monroe, 225; *Todd v. Cowell*, 14 Ill., 72; *Van Deusen v. Hayward*, 17 Wend., 67; *Justices of Christian v. Smith*, 2 J. J. Marsh., 472; *United States v. Tingey*, 5 Peters, 115; *Tyler v. Hand*, 7 How., 573; *State v. McAlpin*, 4 Iredell's Law Rep., 140; *Vanhook v. Barnett*, 4 Dev. Law, 268; *Warfield v. Davis*, 14 B. Mon., 41. A bond taken under a statute is not void because it does not conform to the statute, unless the statute so declares. There is nothing in the act of 1860 which renders the bond void. A bond to the governor is not forbidden, nor is it declared void; and there is no principle of the common law which makes it so. It is neither immoral nor illegal; and the subject matter being sufficient, and the parties competent to contract with reference to it, the contract so freely executed is valid and binding. It is a good common law obligation.

Section 5 of the act of 1860, under which the bond was executed, was repealed by chapter 182, Laws of 1865; and it is contended that such repeal operates as a release or waiver of all claim on the part of the state. Counsel do not, as I understand, contend that the obligation of a contract can in general be impaired by the repeal of the statute under which it was executed, but that it was so in this case, because the state is the real party in interest.in enforcing the bond.

There can be no doubt about the power of the legislature to release the bond, and whether it has done so in this case is a mere question of legislative intent. It seems to us that no such inference can be drawn from the mere fact of repeal, especially where, as in this instance, the repeal is effected by the substitution of another and far more stringent statute upon the same subject. This looks as if the motive was, not to release causes of action which had already accrued to the state upon these obligations, but to provide for their more certain fulfillment in the future; and it is probable that nothing could have been further from the intention of the legislature at the time, than the purpose urged by counsel.

Whether the plaintiff is a trustee of an express trust, authorized to sue in his own name under the statute, is not a question open to discussion on this demurrer. The complaint expressly alleges that he is such trustee, and that allegation is admitted by the demurrer.

*By the Court.*—Order affirmed.