## SIMMONS VS. BRADLEY.

*Construction of statutes.—Recovery of money wagered, from stakeholder.*

1. The winner of a bet who has deposited the money wagered by him with a stakeholder, may recover it from the latter by an action under secs. 16 and 17, ch. 169, R. S.
2. Said secs. 16 and 17 are not repealed by ch. 117, Laws of 1858, except so far as their provisions are in actual conflict with those of secs. 7 and 8 of the latter statute.

APPEAL from the Circuit Court for *Columbia* County.

Action to recover money deposited by the plaintiff in the hands of the defendant as stakeholder at a horse race. The complaint averred the placing of the money, the fact that the race was run, and that the defendant refused to return to the plaintiff, on demand, his money so deposited, although plaintiff "was not the loser of said bet money." The defendant demurred; the demurrer was sustained on the ground that sections 16 and 17, R. S., had been repealed by chapter 117, Laws of 1858 (R. S. pp. 969–973); and the plaintiff appealed.

*H. Medbury* (with *S. U. Pinney*, of counsel), for the appellant, argued that the act of 1858 repealed only so much of chapter 169, R. S., as conflicted with it; and that a repeal by implication is not favored (*State ex rel. Taylor v. Brown*, 1 Wis. 513); that the seventh section of the act of 1858, which was supposed by the circuit court to be in conflict with the provisions of sections 16 and 17, ch. 169, R. S., under which the complaint was framed, relates only to a case where money has been *actually lost* upon any bet or wager, and has been *actually thereafter paid to the winner.* It makes no mention, either expressly or by implication, of the following cases within the original statute: 1. The case where money has been staked, and the race has not been run or the game played, or the contingency

upon which it was wagered has not happened. 2. The case of an action against a stakeholder. As to these matters there is no conflict or repugnancy between the two statutes. The provisions of the act of 1858 are cumulative merely, and the seventh section was passed to remove the doubts which had existed whether there could be a recovery under the original statute, if, after losing the bet, the plaintiff voluntarily paid it to the winner. *Ruckman v. Pitcher,* 1 Coms. 392.

*A. G. Cook,* for respondent:

1. Upon general principles of public policy, an action to recover money deposited upon a wager, which is unlawful, cannot be maintained. 6 Wis. 468. 2. Sec. 17, ch. 169, R. S., changed this rule. 3. Ch. 117, Laws of 1858, is a full, complete and perfect revision of so much of ch. 169, R. S., as relates to the subject of betting and gaming. And sec. 25 of ch. 117 repeals so much of ch. 169 as conflicts with the provisions of said act, i. e., from section 8 to section 20, inclusive. R. S. p. 969; 7 Mass. 140; 12 id. 537, 545; 4 Pick. 21, 23; 10 id. 49; 3 Greenl. 22; 5 Eng. 588.

COLE, J. It is quite obvious that the complaint in this case was framed under sections 16 and 17, chap. 169, R. S., to recover money deposited with the defendant as stakeholder. The money was bet on a horse race; and it is averred in the complaint that the race was run on the specified day and upon the race course agreed upon, and that, although the plaintiff was not the loser of the bet money, yet the defendant refused to refund the bet money to him after demand thereof was made.

The 16th section above cited makes all wagers, bets, or stakes made to depend upon any race or contingent event whatever, unlawful, and enacts that all contracts for or on account of any money so wagered or bet shall be void, except as thereinafter provided. The next

section provides that any person who shall pay or deposit any money upon the event of any wager or bet prohibited therein may sue for and recover the same of the winner, or the person to whom the same shall be paid or delivered, and of the stakeholder or other person in whose hands shall be deposited any such wager, bet or stake, whether the same shall have been paid over by such stakeholder or not, and whether any such wager be lost or not. It needs no argument to show that the complaint states a cause of action under these provisions, if they are in force.

But it is claimed that they are repealed by chap. 117, of the General Laws of 1858 (found on pages 969 et seq., R. S.), which, it is said, is a full, complete and perfect revision of so much of chapter 169 of the Revised Statutes as relates to the subject of betting and gaming. And it is insisted that a party cannot now recover money deposited on a wager unless he can bring himself within the provision of section 7, chap. 117.

It may be conceded that, as a general rule, a statute which is a full, complete and perfect revision of the subject-matter of a former statute, operates as a repeal of such former statute without express words to that effect. *Lewis, Governor, etc. v. Stout,* 22 Wis. 234. But we have grave doubts about the correctness of the assumption that the legislature intended that chap. 117 should be a revision of and a substitute for chapter 169, so far as unlawful wagers and bets are concerned. On the contrary, it is apparent from the words of the repealing section (25) that the legislature intended to retain all provisions of chapter 169 not in "conflict with the provisions" of chapter 117. Now, as was very clearly pointed out by the counsel for the plaintiff on the argument, there is not necessarily any conflict between section 7, chap. 117, and the sections under which this action is brought. They relate to different cases and a different state of facts. Section 7 provides,

generally, that if any person, by playing at any game or by means of any bet or wager, shall lose to any other person any sum of money or other thing of value, and shall pay or deliver the same or any part thereof to the winner, the person so losing and paying or delivering may, at any time within six months next after said loss and payment and delivery, sue for and recover the money or thing of value so lost and paid or delivered. This provision was doubtless aimed at every species of gambling, and was intended to give a remedy to recover back money which had been lost and actually paid to the winner. The party losing, even though he might have voluntarily paid the money to the winner, still might recover it back, providing he brought his action within six months after the loss and payment. And the next section enacts that if the party losing did not within the time specified sue for the money lost, it should be lawful for any person by action to recover the same of the winner for the benefit of the family or heirs of the person having so lost the same. In the case before us, the money was not lost. The complaint alleges that the plaintiff was not the loser of the bet. The money is now in the hands of the defendant as stakeholder. This case is not provided for by section 7. Besides, section 17 provides that the money may be recovered of the stakeholder by the party making the unlawful wager and depositing money with him, *"whether the same shall have been paid over by such stakeholder or not, and whether any such wager be lost or not."* Where the game has been played, or where the contingent event has happened upon which the bet was to be paid, and the loser actually pays the money to the winner, there he must sue to recover it back within six months from the loss and the payment. But that is plainly not this case. For here, although the race has been run, yet the plaintiff did not lose the wager.

The manifest object of these statutes is to repress

and discourage gaming in every form, including bets and every variety of wager contracts, as being pernicious in their tendency, and destructive of good order and sound morality; and hence, it is very plain the legislature intended to retain all those provisions of chapter 169 which had a bearing upon the subject of gaming and betting, which were not in direct conflict with the law of 1858. The complaint before us presents a case under sections 16 and 17 not provided for in section 7, and we think states a good cause of action.

*By the Court.*—The order of the circuit court sustaining the demurrer is reversed, and the cause remanded for further proceedings.