THE TOWN OF PLATTEVILLE, Respondent, vs. HOOPER and another, imp., Appellants.

*May 4 — June 1, 1885.*

*Bond of town treasurer executed to supervisors: Action by town.*

A bond of a town treasurer complying in all respects with sec. 810, R. S., except that it is executed to the *supervisors* of the town and is made payable to them or to their successors in office, is a valid official bond, and an action thereon may be maintained by the town under sec. 984, R. S.

APPEAL from the Circuit Court for *Grant* County.

The action is upon the alleged official bond of the defendant Hutchens, as town treasurer of the plaintiff town for the year 1883. The other defendants are the sureties in such bond. The breach assigned is the failure of such treasurer to pay over to his successor in office, on due demand, certain moneys belonging to the town, which came to his hands as treasurer. The complaint contains a copy of such bond and sufficiently alleges the breach of the condition thereof. The form of the bond is in all respects in compliance with the requirements of the statute (R. S. sec. 810) except that it is not executed "to the town by its name," but is executed to " the supervisors of the town of *Platteville*," and is made payable to " the said supervisors or their successors in office." The defendants *Hooper* and *Kemler* interposed a demurrer to the complaint, alleging as grounds thereof, (1) a defect of parties, in that the supervisors of the plaintiff town are necessary parties plaintiff in the action; and (2) that the complaint does not state facts sufficient to constitute a cause of action. The circuit court overruled the demurrer, and this appeal is by the defendants *Hooper* and *Kemler*, from the order overruling the same.

For the appellants there was a brief by *Carter & Cleary*, and oral argument by *Mr. Carter*. They contended, *inter alia*, that the bond does not conform to the statute. The words "supervisors of" and the words "their successors in office," cannot be rejected as surplusage. The sureties have the right to stand upon the strict letter of their contract. *Vivian v. Otis*, 24 Wis. 521; *Smith v. Lockwood*, 34 id. 78; *Supervisors v. Kaime*, 39 id. 468; *Taylor v. Parker*, 43 id. 78. The bond is therefore not an official bond, and suit cannot be maintained on it as such. *Stevens v. Hay*, 6 Cush. 229; *Lord v. Lancey*, 21 Me. 468; *Jones v. Wiley*, 4 Humph. 146; *Calhoun v. Lunsford*, 4 Porter (Ala.), 345; *Hibbits v. Canada*, 10 Yerg. 465; *Stuart v. Lee*, 3 Call (Va.), 364; *White v. Quarles*, 14 Mass. 451; *Thomas v. White*, 12 id. 367.

For the respondent there were briefs by *A. W. & W. E. Bell*, and oral argument by *Mr. A. W. Bell*. To the point that the bond is valid and is, in fact, a bond to the town, and that the town can maintain an action thereon, they cited 1 Dillon on Mun. Corp. 216 (155), 237 (176); 1 Daniels on Neg. Inst. secs. 443, 443a; 2 id. secs. 1187–88; 2 Parsons on Bills, 451; *Probate Court v. Strong*, 27 Vt. 202; *Place v. Taylor*, 22 Ohio St. 317; *Goodrum v. Carrol*, 2 Humph. 490; *Skellinger v. Yendes*, 12 Cow. 307; *Cornell v. Guilford*, 1 Denio, 510; *Van Keuren v. Johnston*, 3 id. 182; *Sweetser v. Hay*, 2 Gray, 48; *Allegheny Co. v. Van Campen*, 3 Wend. 48; *Lewis v. Stout*, 22 Wis. 234; *Horn v. Whittier*, 6 N. H. 88; *Shook v. State*, 6 Ind. 113; *State v. Rush*, 7 id. 221; *Arlington v. Hinds*, 1 D. Chip. 431; *State v. Boies*, 11 Me. 474; *Irish v. Webster*, 5 id. 171; *U. S. v. Boice*, 2 McLean, 352; *N. Y. African Soc. v. Varick*, 13 Johns. 38; *Comm. Bank v. French*, 21 Pick. 486; *Fisher v. Ellis*, 3 id. 321; *Vt. Cent. R. Co. v. Clayes*, 21 Vt. 30; *Warden v. Burnham*, 8 id. 390; *Gillmore v. Pope*, 5 Mass. 491; *Bank of U. S. v. Lyman*, 20 Vt. 677.

Lyon, J. The only objection taken to the complaint is that the bond in suit runs to the supervisors of the plaintiff town, instead of "the town by its name," as required by sec. 810, R. S. It is not contended that the bond is not valid, as a voluntary obligation, and, indeed, since the decision of this court in *Lewis v. Stout*, 22 Wis. 234, such a position cannot be successfully maintained. It was there held that, although the statute required that the bond upon which the action was brought should be executed to the state, yet it was binding upon the sureties as a voluntary obligation, notwithstanding it ran to the governor of the state. In the opinion by Dixon, C. J., numerous cases are cited in support of the ruling, and it is said there is no case to be found holding the contrary doctrine. See, also, *Klauber v. Charlton*, 45 Wis. 600.

The learned counsel for the appellants maintains, however, that although the bond may be valid as a voluntary obligation, it is not a good statutory or official bond, and hence not within the statute (R. S. sec. 984) which provides that an action for the breach of the official bond of a town officer shall be brought in the name of the town. He maintains that if the instrument is merely a voluntary obligation, the obligees named therein, the supervisors, are trustees of an express trust,— the town being the beneficiary,— and hence that an action thereon must be brought in the name of such supervisors. Such was the rule at common law, but the Code has established a different rule. Now every action *must* be prosecuted in the name of the real party in interest, except a trustee of an express trust *may* sue without joining with him the person for whose benefit the action is prosecuted. R. S. secs. 2605, 2607. This bond was given for the benefit of the town, and the town alone is interested in an action to recover damages for a breach of its conditions. Under repeated decisions of this court, the town may maintain such action. Some of the cases which so hold are cited by

Mr. Justice TAYLOR in *Kollock v. Parcher*, 52 Wis. 393, in which case the same rule was applied.

There was formerly some doubt as to whether the rule extended to contracts under seal, but that doubt was removed by the judgment in *McDowell v. Laev*, 35 Wis. 172, where the beneficiary was allowed to maintain an action in his own name alone, upon a sealed agreement or covenant made by the defendant with a third person. *Bassett v. Hughes*, 43 Wis. 319, holds the same rule. In each of the above cases the contract or covenant was made with a third person who, in respect thereto, was " a trustee of an express trust," as that term is defined in sec. 2607, R. S. Conceding, therefore, that the bond in suit is not an official bond within the meaning of sec. 984, still it results from the views above expressed that the town may maintain this action in its own name.

But we think this is an official bond, and the action is properly brought by the town under the section last cited. It was executed by all the parties to it with the intention and for the purpose of completing the qualification of the principal as town treasurer, so that he might lawfully receive and hold the funds of the town, and to secure the town from loss in case of any misappropriation thereof. It was accepted by the town with the like intent and purpose. On the faith of it the tax list of the town was placed in the hands of the treasurer, and the warrant, by virtue of which he collected the taxes and thus became possessed of the money of the town, was issued to him. The condition of the instrument is that prescribed by the statute. It contains nothing prohibited by the statute. A bond to the supervisors is not forbidden, nor is it declared void; and there is no principle of the common law which makes it so. It is neither immoral nor illegal. The subject matter thereof is sufficient, and the parties were competent to contract with reference to it. *Lewis v. Stout*, 22 Wis. 234. It was thus

intended by all parties that it should fulfil, and it did fulfil, and perform all the functions of an official bond. The mere circumstance that a wrong name is inserted as obligee seems quite immaterial when it is considered that the instrument was given to secure the town against loss through the default of its treasurer, and that the town is the only party which has any beneficial interest in it. A similar error in a mortgage executed for the benefit of a county was held immaterial in *Supervisors of Oconto Co. v. Hall*, 42 Wis. 59. The reasoning of the present chief justice in that case is applicable here. To hold that it is not an official bond because of an immaterial departure from the requirements of the statute, would be to sacrifice substance to the merest form.

In any view of the case, we think the complaint states a cause of action in favor of the town, and is well brought by the town alone. The order overruling the demurrer to the complaint must be affirmed.

*By the Court.*— Order affirmed.