## STATE TO USE OF PERKINS V. BARNES *et al.*

1. Though Laws 1887, C. 10, § 3 (Comp. Laws, § 648), requires bonds of county auditors to be executed to the state, it is immaterial that the bond runs to the county, where the action thereon is brought in the name of the state for the use of the person injured, as required by Section 10 of said chapter.

2. An assignment by a public officer of salary or fees to become due him for services to be subsequently rendered is void as against public policy.

3. Though an assignment of salary or fees to become due to a district attorney for services to be subsequently rendered is not filed with the county auditor until after such services are rendered, the assignment will be considered as made before the rendition of such services, where it presumptively appears that it was held by the auditor, from about the time it was executed, as agent of the assignee.

(Opinion filed Nov. 19, 1897.)

Appeal from circuit court, Hyde county.     Hon. LORING E. GAFFY, Judge.

Action by the state, for the use and benefit of Daniel A. W. Perkins, against Fred M. Barnes and others, to recover the value of a certain county warrant issued to said Perkins in payment of salary as district attorney. Plaintiff had judgment and defendant appeals. Affirmed.

The facts are stated in the opinion.

*John L. Pyle,* for appellants.

The official bond having been given to the county, and not to the territory, no cause of action is alleged in favor of the state, as the successor of the territory, N. W. Loan & Trust Co. v. Muggli, 7 S. D. 527, 64 N. W. 1122. The rule that it is against public policy for an officer to assign his salary applies only to *unearned* salary. 1 Am. & Eng. Encyc. of Law, 829,

*Titus E. Price* and *Kirke W. Wheeler*, for respondent.

The assignment was against public policy and void. Bliss v. Lawrence, 58 N. Y. 42; Bangs v. Dunn, 4 Pac. 963; Schloss v. Hewlett, 1 So. 263. Though the bond ran to the county, the statutes required it to run to the territory, and it is not the policy of the law that the obligor escape liability by reason that there is a mistake in the bond as to the name of the obligee. Town of Platteville v. Hooper, 23 N. W. 581.

CORSON, P. J. This was an action brought in the name of the state, on behalf of Daniel A. W. Perkins, formerly district attorney of Hyde county, to recover of the defendant Barnes, who was formerly county auditor of that county, and his sureties, the value of a county warrant issued for a quarter's salary, ending September 30, 1890, which had been duly issued by said Barnes as auditor, but delivered by him to a mortgage company, to which it was claimed the same had been assigned. Judgment was entered for the plaintiff, and the defendants appeal.

The defendants pleaded in their answer that the quarter's salary in controversy was assigned by said Perkins to the Dakota Farm-Mortgage Company, and that in pursuance of the terms of such assignment the auditor delivered said county warrant to that company. On December 23, 1889, the said Perkins made out and verified the following account against the county:

"Highmore, S. D., December 23, 1889. Hyde County to D. A. W. Perkins, Dist. Atty., Dr. To one quarter's salary, July 1st to Oct. 1st, 1890."

On the same day the said Perkins made the following assignment thereon:

"Highmore, S. D., Dec. 23, 1889. For value received, I hereby assign the within account to the Dakota Farm Mortgage.Company, of Huron, South Dakota; and I hereby authorize and instruct the county auditor of Hyde county to deliver

the county warrant drawn in payment hereof to the Dakota Farm Mortgage Company, aforesaid, or its duly authorized agent. Witness my hand, day and date above. D. A. W. Perkins."

This account and assignment bear date of filing by the auditor, October 6, 1890. On the same day the said Perkins presented to the board the following communication and account:

"I herewith present to the board the annexed bill, and, having made an assignment to the Dakota Farm Mortgage Company, still I protest against its allowance to them, and claim the annexed bill myself. D. A. W. Perkins.

"October 6, 1890. County Account and Affidavit. Hyde County to D. A. W. Perkins, Dr. Quarter's salary from July 1st to October 1st, 1890, less $25 to Frank Drew, $100.00. [Verification to bill.]" (Which appears to have been filed on the same day.)

The bond upon which this action was based ran to Hyde county, and not to the territory, as provided by Sec. 3, Chap. 10, Laws 1887, which requires the bonds of county auditors to be given to the territory. Comp. Laws, Sec. 648. A demurrer was interposed to the complaint upon the following grounds: "There is a defect of parties plaintiff, for the reason that it appears from the face of the complaint that Daniel A. W. Perkins is the real party in interest, and he should have been plaintiff, instead of the state of South Dakota. It appears from the face of the complaint that the bond upon which this action is brought runs to the county of Hyde, in the state of South Dakota, formerly the territory of Dakota, and not the state of South Dakota nor the territory of Dakota, and for that reason the state of South Dakota is not a proper party to the action. The said complaint does not state facts sufficient to constitute a cause of action against the defendants, or either of them." This demurrer was overruled, to which defendants duly excepted.

Two questions are presented by the record for our determination: (1) Did the circuit court err in overruling the de-

fendant's demurrer to the plaintiff's complaint? (2) Was the assignment in this case void, as being against public policy?

The appellants contend that the demurrer should have been sustained, for the reason that as the bond ran to Hyde county, and not to the territory, this action was not properly brought in the name of the state, but should have been instituted in·the name of Perkins alone. Sec. 10 of Chap. 10, Laws 1887, being Sec. 655, Comp. Laws, reads as follows: "An action may be brought against the county auditor and his sureties in the name of the territory of Dakota, and for its use or for the use of any county or person injured by the misconduct in office of the auditor, or by the omission of any duty required of him by law." This section, as will be observed, expressly prescribes the manner in which an action upon the official bond of a county auditor shall be instituted, and plaintiff seems to have strictly followed the statute in this case. Undoubtedly, the bond should have been executed to the state, under the law of 1887, as that law was passed subsequently to Sec. 1373, Comp. Laws, and superseded it, so far as its provisions might have been held to include the official bonds of county auditors. But the error in naming Hyde county as the obligee, caused probably by the law of 1887 (Sec. 648, Comp. Laws) being overlooked, was properly treated by the trial court as immaterial, and the bond regarded as in legal effect executed to the territory. The demurrer was therefor properly overruled. This seems to be the view taken by the supreme court of Wisconsin in similar cases. City of Platteville v. Hooper, 63 Wis. 384, 23 N. W. 583; Lewis v. Stout, 22 Wis. 234; Kollock v. Parcher, 52 Wis. 393, 9 N. W. 67; Supervisors v. Hall, 42 Wis. 59.

This brings us to ·the second question presented. It is urged by the learned counsel for appellants that, as the assignment was not filed until after the quarter's salary was earned, there was in fact no assignment of future salary. But we think that under the assignment, and a fair construction of the court's

fourth finding, taken in connection with its conclusion of law, this contention cannot be sustained. This finding and conclusion of law are as follows: "That December 23, 1889, said Perkins assigned the aforesaid account to the Dakota Farm-Mortgage Company, and instructed the county auditor of Hyde county to deliver the county warrant drawn in payment thereof to the Dakota Farm-Mortgage Company, or its agent; that the assignment of December 23, 1889, by the said D. A. W. Perkins, of his salary as state's attorney to become due from July 1, 1890, to October 1, 1890, to the Dakota Farm-Mortgage Company, was void as against public policy, and that the Dakota Farm-Mortgage Company thereby took no interest in such demand or claim of said D. A. W. Perkins for salary as state's attorney of Hyde county, South Dakota." Who held possession of this assignment after its purported execution up to the time it was filed, in October, 1890, is not shown by the evidence before us; but, in view of all the facts proven, we think the court was fully warranted in holding that it was held by some person for the mortgage company. The protest of Perkins, filed on October 6, 1890, is entirely inconsistent with the theory that he had possession of it after its date; and the fact that the defendant Barnes, who was a witness in the case, made no explanation as to when it came into his hands, although he says he filed it, raises a strong presumption that he had received it at or about the time it bears date, and held it as agent of the mortgage company. We think, therefore, that the terms "assigned" and "assignment," as used by the court in its finding and conclusion of law, included its delivery. It is well settled that a public officer cannot assign by anticipation his salary or fees to become due him for services to be subsequently rendered as such public officer, and that such an assignment is void as against public policy. 2 Am. & Eng. Enc. Law (2d Ed.) p. 1033. This rule seems to be based upon the necessity of securing the efficiency of the public service, by insuring that the funds provided for its maintenance shall be received by those

who are to perform the service.   This was the view taken by the court of appeals of New York in the case of Bliss v. Lawrence, 58 N. Y. 442, which is referred to as a leading case on this subject. In that case the court says: "The controlling question in these cases is that of lawfulness of an assignment, by way of anticipation, of a salary to become due to a public officer. The particular cases presented are of assignments of a month's salary in advance. But, if these can be sustained in law, then such assignments may cover the whole period of possible service. * * * The public service is protected by protecting those engaged in performing public duties; and this, not upon ground of their private interest, but upon that of the necessity of securing the efficiency of the public service by seeing to it that the funds provided for its maintenance should be received by those who are to perform work, at such periods as the law has appointed for their payment, * * * Salaries are by law payable after work performed, and not before; and, while this remains the law, it must be presumed to be a wise regulation, and necessary, in the view of the lawmakers, to the efficiency of the public service. The contrary would permit the public service to be undermined, by the assignment to strangers of all of the funds appropriated to salaries. * * * It does not need much reflection or observation to understand that such a condition of things could not fail to produce results disastrous to the efficiency of the public service. The doctrine announced in that case was followed in Bank v. Wilson, 122 N. Y. 478, 25 N. E. 855, and the rule held to apply to fees of public officers, as well as salaries. And the doctrine announced in Bliss v. Lawrence, says the court of errors and appeals of New Jersey, "may be regarded as settled in this country, as it is in England, by the great weight of reason and authority." Schwenk v. Wyckoff, 46 N. J. Eq. 560, 20 Atl. 250. Sustaining the same view are Bangs v. Dunn, 66 Cal. 72, 4 Pac. 963; Bank v. Fink, 86 Tex. 303, 24 S. W. 256; Schloss v. Hewlett, 81 Ala. 266, 1 South. 263; State v. Williamson, 118 Mo.

146, 23 S. W. 1054; Field v. Chipley, 79 Ky. 260; King v. Hawkins (Ariz.) 16 Pac. 434; Williams v. Ford (Tex. Civ. App.) 27 S. W. 723. The contention of the learned counsel that the assignment was in·fact for fees, and not for salary, need not be considered, as the rule applies to the assignment for fees as well as to salary. See cases cited.

Perkins having made demand for the warrant issued by the auditor before the same was delivered to the mortgage company, it should have been delivered to him, and the refusal of the auditor was a conversion of the warrant, for which he and his sureties were liable. The judgment of the circuit court is affirmed.

HANEY, J., took no part.