### STATE EX REL. WITT v. WM. E. CRAIG, AUDITOR.

**L. REPEAL BY IMPLICATION.**

The general rule of construction is, that where a later act covers the whole subject of an earlier act, and is plainly intended as a substitute for the former, the former act is impliedly repealed.

**2. DOES NOT APPLY WHERE THERE IS REPEALING CLAUSE.**

But this canon of construction does not apply where the revisory statute contains a repealing clause, limiting its operation upon the previous act.

**3. SECTION 8 OF 86 O. L. 264, NOT REPEALED.**

Section 8 of the salary law for Cuyahoga county, passed in 1889, 86 O. L. 264, was therefore not repealed by the revisory act of 1896, 92 O. L, 602, but remains in force as a constituent part of the salary law of said county.

**4. LOCAL STATUTES—CONSTITUTIONAL LAW.**

Where an act, local in its nature and its operation contains one section whose provisions, considered separately from the context, are " of a general nature," such section does not contravene Sec. 26, Art. 2, of the constitution.

HEARD ON ERROR.

*Wilcox, Collister, Hogan & Parmley, P. H Kaiser* and *F. L. Taft.* for defendant.

*Samuel Doerfler,* for plaintiff in error, cited:

This act is repealed by the act of 1896, 92 O. L. 602; Lorain Plank Road Co. v. Cotton, 12 Ohio St. 263, 272; State v. Wilson, 43 New Hampshire, 415 [82 Am. Dec. 163]; Bartlet v. King, 12 Mass. 536 [7 Am. Dec. 99]; Murdock v. Memphis, 87 U. S. (20 Wall.) 590; Pearson v. Stephens, 56 Ohio St. 126 [46 N. E. Rep. 511]; State v. Ellet, 47 Ohio St. 90, 95 [23 N. E. Rep. 931; 21 A. S. Rep. 772].

CALDWELL, J.

This case is here on a petition in error to reverse the lower court for sustaining a demurrer to the petition.

The petition says that Aaron Black has for several months received from the auditor a warrant for the payment of $120 per month out of the treasury, and it alleges that the auditor has no right to issue such warrant; that Black pretended to have an appointment from the board of commissioners, but that, by that appointment, he is not entitled to the warrant; and it presents the question whether or not the act of 1896 providing for the compensation of county officers of this county by fixed salaries repeals section 8 of a similar salary law passed in 1889, 86 O. L. 264, and then the additional question, if said section 8 is not so repealed, is it constitutional ?

We have been furnished with the opinion of Judge Phillips upon these two questions in the determination of the case in the common pleas court. We have examined that opinion with much care, as well as the statutes and the briefs, and we affirm the judgment of the court below, upon the opinion of Judge Phillips.

The following is Judge Phillips' opinion, referred to in the preceding judgment of the circuit court.

PHILLIPS, J. (Orally.)

The case of the State ex rel. Peter Witt v. W. E. Craig, as county auditor is submitted upon a demurrer. The object of the action is an injunction to restrain and prevent the misapplication of certain funds of the county.

Two question were argued, only two, and I think this petition, by a mere oversight of counsel, is insufficient in itself, aside from the consideration of legal questions that were argued.

The petition says that one Aaron Black has for several months received from the auditor, and the auditor has for several months issued to Black a warrant for the payment of $125 per month out of the treasury; it alleges that the auditor has no right to issue such warrants, and that Black, pretending to have an appointment from the board of commissioners is not by virtue of that appointment entitled to the warrant. The petition does not complain that the auditor is about to issue any warrant but alleges only that he has been issuing his warrants from month to month, so that really the petition does not state any threatened act of the auditor which is sought to be restrained. I suppose this is a mere oversight in drafting the petition; and that it is to restrain the future issuing of warrants. There is no intimation in the petition that he is about to do that. The petition relates to the past issuing of warrants. This petition may be put in form to correct that defect.

Two questions were presented in the argument:

First. Did the act of 1896 (92 O. L. 602), providing for the compensation of the county officers of this county by fixed salaries repeal section 8 of a similar salary law passed in 1889 (86 O. L. 264); and

Second. If said section 8 is not so repealed, is it constitutional?

In 1889, an act was passed, applicable only to this county, providing for the compensation of the county officers by salary instead of fees. The general plan of the act was, to require the several officers to collect the fees allowed by the general statutes for their services and pay them into the county treasury, to the credit of a fee fund, from which the fixed salaries of the several officers and their assistants were to be paid. In addition to this, each officer was required to file with the county commissioners a monthly statement of his receipts and payments into the treasury.

Section 8 of that act [86 O. L. 264], or so much of it as is involved and necessary to an understanding of the questions here, is as follows: "It shall be the duty of the county commissioners to see that the provisions of this act are faithfully complied with, and they may employ a suitable person or persons whenever and for such time as they may deem necessary, and at such compensation as they deem judicious, to ascertain by examination whether the accounts of the officers mentioned in section one are correctly and legally kept, and whether the statements they are required by this act to make to the commissioners are correct; and such persons shall report to the commissioners the result of such examination, which report they shall preserve in their office. If it appear by any such report that any such account or such statement is false or fraudulent in any respect, they shall make a thorough examination of the matter, and may, if they deem it necessary or expedient, subpoena witnesses, and examine them under oath, and they shall have the same power as justices of the peace to compel the attendance of witnesses."

State ex rel Witt v. Craig.

Changes from time to time were made in this act from which I have read, this act of 1889, until 1896, when a new act of a like kind was passed. It is found in 92 O. L. 602. This new act does not contain Sec. 8, and this section has not been repealed, unless it is repealed by the repealing clause of the act of 1896, or by implication by the passage of the new act of 1896.

It is claimed that this act of 1896 repealed Sec. 8 by implication, the claim being that the new act is a substitute for the old act, covering the whole scheme of compensation by salary, and that, being such substitute, it operates by implication to repeal the whole of the former act upon the same subject.

The rule is well settled, that where a later act covers the whole subject of an earlier act, and is plainly intended as a substitute for the former, the former act is impliedly repealed. The authorities in support of this general doctrine are so numerous they need not be stated. The doctrine is held by our Supreme Court in United States v. Tynen, 78 U. S. (11 Wall.) 88.

But where the substituted act contains a clause repealing all former enactments inconsistent with the substituted act, such repeal, it is held, is operative, that is, that form of repeal is operative and limits the repealing act according to the terms of its repealing clause.

"The doctrine that a statute is impliedly repealed by a subsequent act revising the whole matter of the first, does not apply when the revisory statute itself prescribes its operation upon the previous act; when this is done, no other effect can be given to the revisory act." What I have just read is part of the syllabus in Patterson v. Laturn, 3 Sawyer, 164, the opinion in which case was delivered by Justice Field. In this case, the revisory act repealed such provisions of the original act as were inconsistent with the new act.

In Lewis v. Stout, 22 Wis. 234, the revisory act provided for the execution of a bond, without designating the officer to whom it should be made payable; and it repealed "all acts and parts of acts inconsistent with the provisions of this act"—which is of the same character as the repealing clause found in our act of 1896. In the Wisconsin case the former act provided for a like bond, to be executed to the governor. The court held that the general rule, that a statute revising the subject-matter of a former statute works a repeal of the former statute without express words to that effect, could not apply to that case because the repealing clause in the later act had the effect of limiting or eliminating the effect the later act would otherwise have had, and that, therefore, this provision of the former act being consistent with the later act remained in force as a part of the general statutory provision.

The act of 1896 covers the general subject of the act of 1889, and if it contained no repealing clause, it would appear to be intended as a substitute for the earlier act, and would, by implication, repeal all the provisions of the act of 1889. But the effect of the act of 1896 upon the act of 1889 is expressly limited by the repealing clause therein, to such provisions of the earlier act as are "inconsistent with the provisions" of the later act. It is clear that the provisions of Sec. 8 of the earlier act are not inconsistent with any of the provisions of the later act, and section 8 remains in full force. I should have said that the act of 1896 does not contain the provisions of Sec. 8 of the act of 1889. I think, under this rule of construction, there can be no question that the provisions of Sec.

8 of the act of 1889, and some other provisions of that act, remain in force as constituent parts of the salary law applicable to this county.

It is further claimed that Sec. 8 relates to a subject of a general nature, and since its operation is limited to Cuyahoga county it is in conflict with Sec. 26, Art. 2 of the constitution, which requires all laws of a general nature to have a uniform operation throughout the state.

In Pearson v. Stephens, 56 Ohio St. 126 [46 N. E. Rep. 511], a similar law, applicable only to Miami county, was sustained by our Supreme Court as constitutional and as not in conflict with this provision of the constitution to which I have referred, on the ground that the adjustment of compensation to services in such case is possible only by means of a local statute. And I find, on examination of the subject, that similar acts have frequently been sustained by the courts of other states having constitutional provisions similar to the provision of our constitution that is involved in this case. The Miami county act contained a section similar to Sec. 8 of our law, but the provisions of our Sec. 8 contained in that act were not involved, and were not considered by the Supreme Court; but I take it that the general plan of our salary law is well sustained by this decision in the Miami county case, as well as by several prior decisions of our Supreme Court upon questions that rest upon the same principle.

It must be conceded that the subject-matter of Sec. 8 is not compensation of county officers. It is, so far as it goes, the inspection and supervision of their work, for the detection of falsity or fraud therein. It is the safeguarding of official honesty and good faith, in one particular instance, in this county, and in this county alone. It is the safeguarding of one source of public revenue in this county.

The general scheme for a limited and fixed compensation to county officers by salary is complete without Sec. 8; and the scheme for turning the fees of the county officers into the public treasury, as the source of a fund for the payment of salaries, would be complete without this section. So, it would seem that its provisions are not essential to the general scheme, and are not an indispensable part of the act. And it must be conceded that if this section were segregated, and did not enter into the salary act and into that only, it would contravene Sec. 26, Art. 2 of the constitution, for the reason that it would give to this county, and to this county only, a means of safeguarding official conduct not given to any other county.

I may say that at the last session of our legislature quite a number of acts were passed—I think from fifteen to twenty—similar to our salary act, applicable each to a single county of the state. In nearly all of these acts will be found the provisions found in our Sec. 8. In three or four or possibly five of them there is no such provision. So, that, it is clear, I think, that the provisions of Sec. 8 are not indispensable to the general scheme of the salary law. The general scheme is the same in all of them.

But we must consider this Sec. 8 where we find it; that is, as *part* of a local act, the subject of which is in its nature local. I take it, that if this provision contained in this act is a reasonably proper provision as part of the act to which it belongs, though not a necessary part of the salary scheme, it is authorized. Constituent provisions of an act, provisions reasonably proper with reference to the general purpose of the act, take their character from the context, and not from the inherent nature of the provisions considered apart from the context.

The salary act of this county provided for the creation of a "fee fund" that is peculiar to this county, and it provides a source of revenue for this fund that is likewise peculiar to this county. The safeguarding of this fund and its sources is therefore a matter that is peculiar to this county, and to this county alone. No other county can be interested in the protection of a fund that is to be created and protected in this county. The protection afforded by Sec. 8 can be applied only to this county, and is therefore properly limited to this county.

The subject of protecting the public funds is a subject of a general nature; but the fund to be created under the salary law for this county, and to be protected by Sec. 8 of that law, is found only in this county. The protection of such local fund therefore becomes a local subject of legislation. The *creation* of this fund by a local act having been sustained as constitutional, adequate means for the *assurance* of such fund may, in like manner, be provided in the same act.

Now, I call attention to a few cases (three only) which, I think, clearly sustain this view of this law. Our Supreme Court has not always, in considering this section of our constitution, kept clearly in mind a distinction that, in some of the cases, has been clearly made between the *subject-matter* of an act and the *nature of the law* itself. In one of the earliest expressions from our Supreme Court upon that question, I think there was a clear error. While that error has been avoided and pointed out in some subsequent cases, in others it has been followed. The constitution does not say, that *all* laws upon a subject of a general nature shall have uniform operation. The constitution says "all laws, of a general nature, shall have a uniform operation throughout the state." So that, there is in the constitution, and must be kept in mind in the application of it, a clear distinction between a law that relates to a *general subject*, and a law of a *general nature*; in other words, the qualifying phrase, "of a general nature" qualifies *the law* and not *the subject* of the law, although sometimes, and generally, the subject of the law and the nature of the law itself are both of a general nature; but the *subject* of a statute may be of a general nature, while the law itself is not of a general nature. A law may be local in its operation, although it relates to some phase of a subject that is in its nature general.

In State v. Shearer, 46 Ohio St. 275 [20 N. E. Rep. 335], this is the first paragraph of the syllabus:

"A law is not necessarily of a general nature by reason simply of its being upon a general subject," and the court, in considering this section of the constitution, follow that proposition and apply it to this case, which involves an act that was local in its operation and related clearly to a subject that was of a general nature. It was the creation by the legislature of a school district, of certain territory, in a certain township of a county of the state. In the course of the opinion Judge Spear says: "And, although a law be upon a general subject, it is not necessarily a law of a general nature. The subject may be general while the purpose of the act may be special and local."

In McGill v. State, 34 Ohio St. 228, 241, in the course of the opinion delivered by Judge Boynton, familiar to all lawyers of this county, because it arose in this county, it involved the constitutionality of the jury law that was local in this county, an enactment upon a subject clearly general; its application was purely local. I read from this opinion an extract from People v. Railroad Co., 43 Cal. 432. The

California court says (they have the same provision in their constitution which we have in ours.):

"The constitution, it will be observed, has not undertaken to declare that *all* laws shall have a uniform operation. Uniformity, in that respect, is made requisite only in case the law itself be one of a *general nature,* and if it do not purport to be such a one, no objection as to uniformity, or want of uniformity, in its operation, can be interposed. The *nature* of a given statute, as being general or special, must depend, in a measure, upon the legislative purpose discernable in its enactment. We are not to say that a statute, plainly special in its scope, must either have a uniform operation or not operate at all; for this were to add another to the limitations which the constitution has imposed upon the legislative power, and to hold, in effect, that no special act could be passed at all—at least if 'uniform' operation means *universal* operation, as the argument of the defendant's counsel would apparently maintain.

"Nor are we to say that a special statute—special in its *aim* and in the object it has in view—is, by mere construction, to be converted into a general statute, because the subject with which it deals *might* have been made the subject of a general law. It is obvious that every law upon a *general subject* is not *per se,* nor by constitutional intendment, necessarily a law of a general nature. The subject may be general, but the law and the rule it prescribes may be special."

And further on in the opinion Judge Boynton says: "The difficulty encountered in all cases where a legislative act is alleged to contravene the provision requiring the uniform operation of laws of a general nature, lies in determining what constitutes a law of that nature, within the meaning of the constitution. The test is said to depend upon the character of the subject-matter; and if that is of a general as distinguished from a local or special nature, existing in every county throughout the state, a subject in which all the citizens have a common interest, then the law is one of a general nature, requiring a uniform operation throughout the state.

"This is the ground on which it is contended that the statute in the present case is unconstitutional. That is, that the selection of jurors for the trial of causes in the court of common pleas, and the designation of the persons, or body of persons who are charged with the duty of making such selection, are so far subjects of a general nature, existing throughout the state, as to require the power to make such selection to be conferred on the same class of men, or public officers, in every county of the state.

"This position derives some support from what was said in Kelley v. State, 6 Ohio St. 269. But subsequent decisions of this court, and in which 'the learned judge delivering the opinion in that case concurred, show, that the proposition that a law relating to or concerning a general subject-matter is a law of a general nature, is not to be taken, in an unqualified sense, to be true. That a law of a general nature must concern a subject-matter, existing, and capable of uniform operation, throughout the state, can not be denied; for, if the law, from the nature of its subject-matter, is not susceptible of an operation throughout the state, it can not, within the meaning of the constitution, be a law of a general nature. But it by no means follows that all laws pertaining to a general subject-matter, and susceptible of a uniform opera-

tion throughout the state, are laws of a general nature in the constitutional sense of that term.''

I have referred to this case to show that the distinction which I think must be made in this case has the sanction not only of our own Supreme Court, but of other courts.

I read now from a case that, I think, is directly in point, State v. Judges, 21 Ohio St. 1, 14. In this case the court was considering the constitutionality of what, I think, was the first salary act passed in Ohio, and relating to Hamilton county. It was somewhat like our present salary act. The opinion is long; it sustains the act as constitutional, and the last paragraph of the opinion reads: "During the pendency of this proceeding the supplemental act of April 12, 1871 (68 O. L. 58), has been passed. This act provides for the appointment, by the judges, of an officer styled 'commissioner of costs and fees,' whose duty it is to have a general supervision of the matters provided for in the acts, and to see that their provisions are duly observed. The defendants, in their plea, claim to be invested with the authority conferred by the supplemental, as well as by the original act. The questions as to the validity of both acts have been argued and considered. They both depend upon the same principles. Our conclusion is, that the demurrer to the plea must be overruled, and judgment rendered for the defendants.'' This was a judgment sustaining both the original and the supplemental act, whose character is quite like the character of Sec. 8 of our statute.

Now, from these authorities, and these considerations, I conclude that the provisions of Sec. 8 are not in contravention of Sec. 26, Art. 2 of our constitution. The court will not hold an act unconstitutional unless it is clearly so, a familiar principle and one that is adhered to, or ought to be. So, it is sufficient in this case to say, in view of these considerations and these authorities; I cannot say this Sec. 8 is clearly unconstitutional; in fact, I think it is clearly constitutional, and the demurrer to this petition, after it shall be conformed to what it was evidently intended to be, will be sustained.