THE TOWN OF ULYSSES et al., Appellants, *v.* CHARLES INGERSOLL et al., Respondents.

OFFICIAL BONDS — COUNTY TREASURER'S BOND RUNNING TO A COUNTY — WHEN A TOWN IS ENTITLED TO BRING ACTION UPON SUCH BOND UNDER CODE CIV. PRO. § 1888. Under section 1888 of the Code of Civil Procedure a town is entitled to prosecute, against the sureties upon the official bond of a defaulting county treasurer running to the county in which the town is situated, an action to recover school moneys apportioned to the town which the defaulting treasurer has never paid to the town or any officer thereof; the statute is remedial and should be liberally construed in order to give effect to the general policy and purview of the law, and there is no reason why an official bond running to the county should not be prosecuted in the same way as if it ran to the People; and since there is no person entitled to the money which the treasurer failed to pay, except the town or its supervisor, the town is entitled, under the statute, to permission to bring an action upon the defaulting treasurer's bond for the money due from him to the town.

*Town of Ulysses* v. *Ingersoll*, 81 App. Div. 304, reversed.

(Submitted June 6, 1905; decided October 3, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 16, 1903, affirming a judgment in favor of defendants

entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*David M. Dean* and *Randolph Horton* for appellants. The plaintiffs have a right to maintain this action as the real parties in interest. (*Reilly* v. *Poerschke*, 19 Misc. Rep. 612; *Barlow* v. *Myers*, 64 N. Y. 41; *Clark* v. *Howard*, 150 N. Y. 232; *Hallenbeck* v. *Kindred*, 109 N. Y. 620; *Smith* v. *Perine*, 121 N. Y. 376; *Todd* v. *Weber*, 95 N. Y. 181; *Rector* v. *Teed*, 120 N. Y. 583; *Buchanan* v. *Tilden*, 158 N. Y. 109; *Fuller* v. *Fullerton*, 14 Barb. 59; *Skellinger* v. *Yendes*, 12 Wend. 306.) This action comes within the purview of the Code of Civil Procedure, sections 1880–1892, and the plaintiffs have the right to maintain the action in their own names thereunder. (*People* v. *Sheppard*, 37 App. Div. 119.)

*E. A. Denton* for respondents. The plaintiffs have no legal right or power to maintain this action, and the complaint states no cause of action whatever in their favor against the sureties upon the county treasurer's bond. (17 Am. & Eng. Ency. of Law [1st ed.], 526; *Henricus* v. *Englert*, 137 N. Y. 488; *Moog* v. *Kehoe*, 42 Hun, 494.)

O'Brien, J. The defendants are the sureties upon the official bond of the treasurer of the county of Tompkins, and the plaintiffs seek to recover certain moneys that the treasurer failed to pay over to the plaintiffs, as was his duty, prescribed by statute. On the trial the plaintiffs' complaint was dismissed on the ground that they had no right to bring or maintain the action.

The obligations of the bond, which it is claimed were violated by the treasurer, and for which his sureties are liable to the plaintiffs, are as follows:

"The conditions of this obligation are such, that whereas, the above bounden, Charles Ingersoll, has been duly elected treasurer of Tompkins County for the term of three years

from the 1st day of January, 1897; Now, Therefore, if the said Charles Ingersoll shall faithfully execute the duties of his office and shall pay over according to law, and account for all moneys, property and securities, which shall come into his hands as treasurer, and render a just and true account thereof to the Board of Supervisors when thereunto required and obey all orders and directions of a competent court relating thereto, then this obligation shall be void; otherwise, to remain in full force and virtue."

It was recited in the body of the instrument that the sureties are held and firmly bound unto the county of Tompkins in the penal sum of two hundred thousand dollars, to be paid to the county of Tompkins, its successors and assigns.

The decision of the trial court has been unanimously affirmed at the Appellate Division, and the only question necessary to be considered upon this appeal is whether the plaintiff, the Town of Ulysses, joined with the supervisor can maintain the action upon the facts stated in the complaint. The defendants gave no proof at the trial and the facts are undisputed. It appears that in the year 1899 there was apportioned to the town of Ulysses by the proper authorities the sum of $2,608.03 of the public moneys, which the state distributed to the various towns in the county for the support of schools. The supervisor of the town gave his bond to the treasurer for the school moneys so apportioned to his town, and thereby qualified himself and became entitled to receive the school moneys apportioned to his town. Of the amount so apportioned, the county treasurer from time to time paid over to the supervisor $2,131.25, leaving a balance of $476.78, which he did not and never has paid to the supervisor or any other officer for the benefit of the town.

It appears that the county treasurer made default and at the time of the default the balance above mentioned remained in his hands and that amount has been frequently demanded of him by the supervisor of the town. The principal, and indeed the only question raised by the defendants, and the only one upon which the decision turned in the court below,

was that the action should have been brought in the name of the county of Tompkins, instead of the names of the present plaintiffs.

It is provided by sec. 1888 of the Code of Civil Procedure, relating to actions upon official bonds, that " where a public officer is required to give an official bond to the People, and special provision is not made by law, for the prosecution of the bond, by or for the benefit of a person, who has sustained, by his default, delinquency, or misconduct, an injury, for which the sureties upon the bond are liable, such a person may apply for leave to prosecute the delinquent's official bond."

The plaintiffs in this case did apply to the court for leave to bring this action and it was granted. This case, we think, turns upon the interpretation that is to be given to this statute. The defendants claim that it has no application, inasmuch as the bond does not, in terms, run to the People, but to the county of Tompkins. It may be that this case is not within the letter of the statute, but it would seem to be within its real spirit and policy. It is a remedial statute and as such should be liberally construed in order to give effect to the general policy and purview of the law. There is no reason why an official bond of a county treasurer running to the county should not be prosecuted in the same way as if it ran to the People. There is no person entitled to receive the money which the treasurer failed to pay, except the town of Ulysses or its supervisor. That town alone has suffered from the delinquency of the treasurer. At the moment that the treasurer made default, the town was entitled to receive the money from him and no one else was.

But it is said that the case of *Henricus* v. *Englert* (137 N. Y. 488) holds a different doctrine. When that case is carefully examined it will be found to contain nothing contrary to the right of the plaintiff to maintain this action. It is true that it was said in that case that " while an instrument is under seal, no person can sue or be sued to enforce

the covenants therein contained, except those that are named as parties, and who have signed and sealed the same." That, no doubt, was the general rule of the common law, but these rules, with respect to the right of private parties to maintain actions upon official bonds, have been very much modified by statute and the statute to which we have referred was plainly intended for that purpose. Moreover, the case has no application to the one at bar. The bond in suit in that case was not an official bond, but a bond given to secure the performance of a contract by a private individual. In disposing of the case, there was no occasion to refer to the statute in question, and no reference to it was made. There is nothing, there seems to us, in that case that could justify the dismissal of the plaintiff's complaint. We think that this case is fairly within the scope and general policy of that statute. Giving to it, as we ought, a liberal construction, the defendants' objections which were upheld on the trial will disappear. The equities of the case are manifestly in favor of the plaintiffs, and they ought not to be defeated by a construction of the statute which is obviously contrary to its general spirit and purview.

We think that the complaint was improperly dismissed, and so the judgment should be reversed and a new trial granted, costs to abide the event.

CULLEN, Ch. J., GRAY, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Judgment reversed, etc.