253 P.2d 336

**LARSON v. ST. PAUL MERCURY INDEMNITY CO.**

No. 5642.

Supreme Court of Arizona.

Feb. 16, 1953.

McQuatters & Stevenson, Flagstaff, for appellant.

C. B. Wilson, Flagstaff, for appellee.

PHELPS, Justice.

This is an appeal from an order granting the motion of the St. Paul Mercury Indemnity Company, a corporation, defendant-appellee, for summary judgment as against Ed Larson, plaintiff-appellant herein. The parties will hereinafter be referred to as plaintiff and defendant.

According to the allegations of the amended complaint the facts are that on July 4, 1951, plaintiff suffered certain injuries as a result of an assault and battery made upon him by A. J. Kirkham and William Brady, police officers in the employ of the city of Flagstaff while they were engaged in unlawfully arresting plaintiff.

It is alleged that the arrest and assault and battery were wrongful, without justification or judicial authority and were made with intent to injure plaintiff; that said assault was made at a time when plaintiff had committed no criminal offense of any kind and when he was demeaning himself in a quiet, peaceful and law-abiding manner and that no reasonable grounds then existed for the said Kirkham and Brady to believe that he had committed a felony; that the assault was maliciously committed with great force and violence, etc.

That Kirkham and Brady, in qualifying as such police officers, were each required to execute bonds in the sum of $1,000 to the proper officials of the city of Flagstaff; that defendant, the St. Paul Mercury Indemnity Company executed each of said bonds as surety; that said bonds were at all times defective in that the obligee named therein was the "City of Flagstaff, Arizona" instead of the "State of Arizona" as required by law.

The amended complaint further alleged that the bonds were conditioned that the principals Kirkham and Brady named therein would truly and faithfully perform the duties of their office; that by operation of law each of said bonds was executed between principals and surety therein named for the use and benefit of all persons who may or might be injured or aggrieved by the wrongful act or default of such principal and officers in their official capacity; that plaintiff was injured and aggrieved by the wrongful acts of said officers and principals named in said bonds while acting in their official capacity and that said bonds were then and there in full force and effect and that each of said officers violated the provisions of his bond.

Upon motion of counsel for the city of Flagstaff who was originally joined with the defendant and the two officers as party defendants, the cause of action against it was dismissed. No appeal has been taken from that order.

Defendant filed no answer but by its motion for summary judgment upon the ground that there is no genuine issue as to any material facts necessarily admits all the allegations of the complaint.

It is plaintiff's contention that the bond in question is an official bond and that defendant is liable thereon to this plaintiff; that the fact that the bond runs to the "City of Flagstaff" instead of the "State of Arizona" is an immaterial defect and does not deprive it of its character as an official bond as defined by the statute and made to run in favor of the persons aggrieved by the wrongful act of said public officials.

We cannot agree with this contention and the cases cited by appellant from New York, Wisconsin and South Dakota do not support such position. In the Town of Ulysses v. Ingersoll, 182 N.Y. 369, 75 N.E. 225, the statute there provided that where a person is required to give an official

bond and no provision is made by law for the prosecution thereof for the benefit of a third person, such third person may make application to prosecute thereunder. The court there, of course, upheld the right of the third person, upon application, to prosecute under the express provision of the statute for the wrong done him. In State, to Use of Perkins v. Barnes, 10 S.D. 306, 73 N.W. 80, where an action was brought by an ex-prosecuting attorney for recovery of salary assigned to the auditor of the county who had given bond for faithful performance of his duties, the facts that are material here are that the bond was made to run to the county and not to the Territory of South Dakota as the law required. Action was brought by the state of South Dakota instead of by the county. And again the law expressly provided for the state to bring the action in cases of this character.

And in the case of the Town of Platteville v. Hooper, 63 Wis. 381, 23 N.W. 581, where the treasurer of the town gave an official bond as provided by statute in all respects except that it was made payable to the supervisors of the town and to their successors instead of to the town itself, the treasurer defaulted and action was brought by the town on the bond to which objection was made that the action was brought by a wrong party plaintiff. The court held that the bond was made for the benefit of the town and the statute provided that all causes of action should be brought in the name of the real party in interest and held the bond valid and the cause of. action maintainable by the town.

Here appellant is asking us to write a provision into the bond that is not found within its corners. Neither does the statute supply the provision that it shall run for the use and benefit of all persons who may be injured or aggrieved by the wrongful act of such officer in his official capacity.

We hold that the law as enunciated in Ward v. Johnson, 72 Ariz. 213, 232 P.2d 960, correctly states the law in this state and we re-affirm the holding in that case.

Judgment affirmed.

STANFORD, C. J., and LA PRADE, UDALL and WINDES, JJ., concur.