CO-OPERATIVE SAVINGS & LOAN ASS'N OF SIOUX FALLS v. FAWICK *et al.*

Laws 1885, Chap. 34, relating to building and loan associations, provided (Section 4) that loans should be made in open meeting to the highest bidder. By an amendatory act (Laws 1889, Chap, 40, § 4) such associations were given the right by by-law to fix a per cent. premium, at less than which they should not be obliged to accept loans. Laws 1893, Chapt. 40, relating to the same subject-matter, provided in Section 6 for the making of loans in substantially the same language as Section 4 of the act of 1885, and Section 37 provided that "all acts or parts of acts in conflict with this act are hereby repealed." *Held,* that such act did not repeal Section 4 of the act of 1889, authorizing the fixing of a minimum premium, which is not inconsistent with its provisions.

HANEY, J., dissenting.

(Opinion filed June 26, 1899.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Action by the Co-operative Savings & Loan Association of Sioux Falls, S. D., against T. O. Fawick and another, for foreclosure of a mortgage. Defendants appeal from an order sustaining a demurrer to the answer. Affirmed.

The facts are stated in the opinion.

*Jones & Matthews,* for appellant.

The officers of respondent association had no authority under the Laws of South Dakota to fix a minimum cash premium for loaning money, and the interest premiums and dues charged to appellant are unlawful and usurious. Chap. 40, Laws 1893; Endlich on B. & L. Ass., §§ 122, 275, 323, 394, 395 *et seq.*; Mueller v. Madison B. & L. Ass'n, 75 N. W. 277; Meyers v. L. &. B. A., 75 N. W. 944; State v. Greenville B. A., 29 O.

St. 92; State v. Oberlin B. & L. A., 35 O. St. 258; Stites' Appeal, 95 Pa. St. 122; Nat'l L. & I. Co. v. Stout, 46 S. W. 67; Rhodes v. Mo. Sav. Co., 173 Ill. 621; Hughes v. Farmers' S. & B. &. L. A., 46 S. W 362.

*A. B. Kittredge*, for respondent.

If respondent had authority under the Laws of South Dakota, through its by-laws to empower its directors to fix a minimum premium, cash or stock, at which money should be loaned, then the contract in suit is not usurious.   Yankton B. & L. Co. v. Dowling, 74 N. W. 438; Archer v. Baltimore B. & L. A., 30 S. E. 241; B. & L. A. v. Price, 169 U. S. 45; Richard v. S. W. B. & L. A. 21 So. 643; Equitable B. & L. A. v. Vance, 27 S. E. 274.

Section 4, Chap. 34, Laws of 1885 as amended by Section 4, Chapter 40, Laws 1889, was not repealed or abrogated by the passage of Chapter 40, Laws 1893, because it is not inconsistent or in conflict therewith. Village of Highland Park v. McAlpine, 76 N. W. 159; Brown v. McCormick, 28 Mich., 215-220; Connors v. Carp River Iron Co., 54 Mich. 168; Wood v. U. S., 16 Petei s, 342; State v. Stall, 17 Wall. 425; Cheon Heong vs. U. S., 112 U. S. 536; Arthur v. Homer, 96 U. S. 137; Hartford v. U.S., 8 Cranch, 109; Saul v. His Creditors, 16 Am. Dec. 212-215; Carpenter v. Jones, 53 Pac. 842; State v. Macon Co. Ct., 41 Mo. 453; Railroad v. The Board, 67 Iowa, 199; Landis v. Landis, 39 N. J. L. 274; Pursell v. Ins. Co., 42 N. Y. Sup. 383; Chamberlain v. Chamberlain, 43 N. Y. 424; *In re* Evergreens, 47 N. Y. 216; *In re* Kirman 62 N. Y. 457; *In re* Banta, 60 N. Y. 165; *In re* Ryan, 45 Mich. 173; Henderson's Tobacco, 11 Wall. 662; Gaston v. Merriman, 33 Minn. 271; Lewis v. Stout, 22 Wis. 234: Patterson v. Tatum, 3 Sawyer, 164.

CORSON, P. J.    This is an appeal from an order sustaining a demurrer to defendants' answer.  The action was instituted to foreclose a mortgage made by the defendants to the plaintiff. The answer admitted substantially all the allegations of the complaint, except the amount due to plaintiff, and alleged as follows: "And for a further defense this defendant alleges that the directors and officers of the plaintiff, instead of offering said money for loan in open meeting,  as  directed and required by the provisions of the statute of this state regulating and controlling the plaintiff and like associations, fixed an arbitrary minimum cash premium of seventy cents (70) per month for each one hundred dollars ($100) borrowed, claiming to act under and by virtue of section 4 of article 3 of the by laws of said association, set out in paragraph 6 of the complaint; but such action, this defendant alleges, was and is without authority of law.   And for a further defense this defendant alleges that the monthly payments required by said note and mortgage equal one dollar and seventy cents per month, and exceed twelve per cent per annum  upon  said  principal  of  one hundred dollars ($100); that said agreement, loan,  note, mortgage,  and transaction were and are usurious, in that said plaintiff, with full knowledge of all the facts, at the time when said shares were taken, and said loan, note, and mortgage were made, of which the taking of said share, the making of said loan, the giving of said fixed and arbitrary cash bonus or premium, and said note and mortgage were a part, contracted with this defendant to receive upon the principal of said loan greater rate of interest than twelve per cent per annum."   The learned circuit court evidently sustained the demurrer upon the ground that Section 4, Chap. 40 of the laws of 1889, was still in force.   The first act

in reference to loan and building associations was passed in 1885 (Laws 1885, Chap. 34), and by the fourth section the manner in which loan of their funds could be made is thus stated: "The said officers shall hold stated meetings, at which the money in the treasury, if over two hundred dollars, shall be offered for loan in open meeting, and the stock holder who shall bid the highest premium for the preference or priority of loan shall be entitled to receive a loan of two hundred dollars for each share of stock held by said stock holder. Provided, that good and ample security shall be given by the borrower for the repayment of the loan." This section was slightly amended by Section 3 Chap. 34, Laws 1887. In 1889 certain amendments were made to chapter 34, Laws 1887, and section 4, before referred to, inserted therein. This section read as follows: "Such corporation may in its bylaws fix a per cent premium at less than which it will not be obliged to accept loans." In 1893 an act was passed "providing for the formation of co-operative building and loan associations and prescribing conditions for the regulation and management of such associations doing business in this state," and is known as chapter 40 of the session laws of that year. Section 6 of that act provides for the loaning of funds of that association in substantially the same language as that contained in Section 4 of the act of 1885, before quoted. The act of 1893 contains 37 sections, by the latter of which "all acts or parts of acts in conflict with the provisions of this act are hereby repealed."

The appellants contend that the act of 1893, and especially Section 6, is inconsistent with the provisions of Section 4 of the act of 1889, and in effect repealed said section, and con-

sequently the loan made by plaintiff to the defendant was usurious, being in violation of the laws of this state in regard to interest. The respondent contends that Section 4 of the act of 1889 is not in conflict with Section 6 of the act of 1893, and that the two sections may stand together. If the respondent is right in its contention, the loan made by it to the defendants was not in violation of the statute, notwithstanding the premium and interest would amount to more than 12 per cent. per annum, as loan associations are authorized, in certain cases, to take interest and premium in excess of 12 per cent. It will be noticed that section 4 is not, in terms, repealed by the act of 1893; and if repealed by the latter act, it is only by implication. The rule is well settled that repeals by implication are not favored by the courts, and it is only when the provisions of two statutes or sections are so repugnant that they cannot stand together that courts will regard the former acts or sections as repealed by the latter. It will also be noticed that, by section 37 of the act of 1893, it is only all acts and parts of acts inconsistent with the provisions of that act that are repealed. This is an express limitation of the extent to which it was intended the provisions of the former act or acts should be regarded as repealed. It is not admissible, therefore, to construe this express declaration of legislative intent to go further than the language itsely requires. In Gaston v. Merriam, 33 Minn. 271, 22 N. W. 614, the supreme court of Minnesota, in speaking of a similar law to that we are now considering, says: "Another rule is that a later law, which is merely a re-enactment of a former, does not appeal an intermediate act which qualifies or modifies the first one; but such intermediate act will be deemed to remain in force, and to qualify or modify the

new act in the same manner as it did the first.  *  *  These are, in substance, the two grounds upon which the plaintiff claims a repeal by implication. Whatever force there might otherwise be in the first of these positions is. entirely destroyed by the restricted character of the repealing clause, viz, 'all acts or parts of acts inconsistent with this act are hereby repealed.' This is an express limitation of the extent to which it was intended former acts should cease to be in operation, and it is quite in admissible to ingraft upon this express declaration of legislative intent an implication of a more extensive repeal." Henderson's Tobacco, 11 Wall, 652; Lewis v. Stout, 22 Wis. 234; Patterson v. Tatum, 3 Sawy. 164 Fed. Cas. No. 10,830.

It is contended that by the act of 1885, as amended in 1887, and by the act of 1893, it is expressly provided that loans shall be made by offering the money in the treasury for loan to the stockholder who shall bid the highest premium therefor; but this is not inconsistent with the further provision that such corporation may in its by-laws, fix a per cent. premium, at less than which it will not be obliged to accept loans, as provided in the act of 1889. The premium bid may be in excess of the amount fixed by the board, but the board will be under no obligation to accept any bid less than the minimum premium so fixed. It is not uncommon, in sales of property, made under the direction of courts, to the higest bidder, to fix a minimum sum for the property, and no bid for a less sum will be received by the auctioneer. We see no reason why the same principle should not apply to loans made by loan and building associations, when authorized by law.

While, therefore, Section 4 of the act of 1885, as amended in 1887, was, in effect, repealed by Section 6 of the act of 1893,

which covered the same subject, we are of the opinion that the intermediate act of 1889, which qualified the act of 1885, will be deemed to remain in force. to qualify or modify the act of 1893 in the same manner.    In other words, it was competent for the board of directors of the respondent association to provide, as it did do, by Article 3 of its bylaws, that "they [the board of directors] shall have the power to fix the minimum rate of interest and premium at which money shall be loaned." We are of the opinion, therefore, that the circuit court ruled correctly in sustaining plaintiff's demurrer to the defendant's answer, as it failed to state sufficient facts to relieve the defendants from the payment of interest on their loan.    The order of the circuit court is affirmed.

HANEY, J., dissents.