I. SNOWDEN HAINES v. THE BOARD OF CHOSEN FREE-
HOLDERS OF BURLINGTON COUNTY.

Submitted July 17, 1905—Decided November 13, 1905.

Where a proceeding for the improvement of a public road was initiated
by a petition under the eighth section of the Road Improvement
act of March 22d, 1895 (*Gen. Stat.*, *p.* 2902), before the passage
of the Road Improvement act of April 1st, 1903 (*Pamph. L.*, *p.*
145), the right to assess land bordering on the road for ten per
cent. of the cost, which the act of 1895 conferred, was not revoked
by the act of 1903.

On *certiorari* to remove road assessment.

Before Justices DIXON and SWAYZE.

For the prosecutor, *John G. Horner.*

For the defendant, *Charles Ewan Merritt.*

The opinion of the court was delivered by

DIXON, J.. Prior to April 1st, 1903, a petition, duly
signed, had been presented to the board of chosen free-
holders of Burlington county under the eighth section of
the Road Improvement act of March 22d, 1895 (*Gen. Stat.*,
*p.* 2902), praying for the improvement of the road leading
from Burlington to Columbus, and the work of improvement
was in progress on said day. According to that act, the
land bordering upon the road was subject to an assessment
for benefits to the extent of one-tenth of the cost of the
work, and after the improvement was completed, in the year
1904, such an assessment was levied, part of the expense
being thus imposed on the land of the prosecutor of the
present writ. He now insists that, by force of the Road
Improvement act of April 1st, 1903 (*Pamph. L.*, *p.* 145),
the power to assess was revoked.

It may be conceded that with regard to all proceedings

for road improvement begun after the passage of the act of 1903 that act supersedes the act of 1895, but, reserving for further consideration the eighteenth section, it is clear that all the other clauses of the later act are prospective only, and would have no effect whatever on proceedings previously instituted.

The eighteenth section is as follows:

"18. All acts and parts of acts inconsistent with the provisions of this act are hereby repealed; *provided,* that this repealer shall not revive any act heretofore repealed, nor shall any proceeding for the improvement of any public road, entered into before the passage of this act abate, but such proceeding shall continue, as near as may be, as if the same had been commenced hereunder."

Leaving out of view the proviso of this section, the repealing sentence would not impair the force of the act of 1895 upon improvements previously undertaken, because, as the act of 1903 would then be wholly prospective, its terms could not be inconsistent with the application of any law to prior transactions.    The prosecutor's contention must therefore rest on the proviso alone.

The proviso declares that no proceeding entered into before the passage of the act shall abate.

The proceeding now under review was entered into by the petition presented before April 1st, 1903.    That petition contemplated and expressly provided for the assessment now before us, as a substantial part of the proceeding by which the improvement should be made and paid for.    The proviso, by declaring that such a proceeding shall not abate, requires that it should not fail in any substantial provision.    The further declaration that it shall continue, as near as may be, as if the same had been commenced under the act of 1903, simply means that if that act provided a different method for accomplishing the same results, the new method should be pursued.    It does not imply that any public right should be abandoned or any private obligation released.    As the act of 1903 makes no provision for the conduct of a proceeding under which part of the expense of improving a road

is to be charged on the abutting land, such a proceeding must go on, without abatement, as if the act of 1903 did not exist.

The assessment must be affirmed, with costs.