ALEXANDER G. ANDERSON ET AL., PLAINTIFFS IN ERROR, v. ABRAM A. CORTELYOU ET AL., DEFENDANTS IN ERROR.

Submitted July 8, 1907—Decided November 18, 1907.

Where a proceeding for the improvement of a public road was begun by petition under the eighth section of the Road Improvement act of March 22d, 1895 (*Gen. Stat.*, p. 2902), before the passage of the Road Improvement act of April 1st, 1903 (*Pamph. L.*, p. 145), the right to assess land bordering on the road for benefits not exceeding ten per cent. of the cost which the act of 1895 conferred was not revoked by the act of 1903.

On error to the Supreme Court, whose opinion is reported in 44 *Vroom* 427.

For the plaintiffs in error, *John A. Frech* and *Richard V. Lindabury.*

For the defendants in error, *Clark & Case* and *Dungan & Reger.*

The opinion of the court was delivered by

HENDRICKSON, J. This writ is brought to review a judgment of the Supreme Court upon *certiorari* proceedings setting aside an appointment of commissioners made by the Somerset Circuit Court to assess upon abutting landowners the peculiar benefits conferred by the improvement of a public road in said county, known as the "Neshanic Road," by the board of chosen freeholders. The opinion of the Supreme Court may be found in 44 *Vroom* 427, wherein the facts are so fully stated as to obviate any extended reference thereto here. The proceedings for the improvement were begun on or about April 4th, 1899, by an application, in writing, to the board of chosen freeholders, pursuant to section 8 of the State Aid Road law (*Pamph. L.* 1895, *p.* 432; *Gen. Stat.* 2906, *pl.* 420; amended, *Pamph. L.* 1896, *p.* 246), and such proceedings were had thereunder that the improvement was completed on or before June 20th, 1904, and paid for, one-third from the state treasury and two-thirds from the county treasury. The assessment proceedings were brought by the board of freeholders under the act for the purpose of assessing and collecting the benefits from the owners of lands fronting the road to an amount not exceeding ten per cent. of the entire cost of the improvement. The principal question raised under the *certiorari* was whether, in view of the passage of the new State Aid Road law (*Pamph. L.* 1903, *p.* 145), which was approved and took effect April 1st, 1903, and which contains no provision for the assessment of benefits, the proceeding in question could be maintained. The Supreme Court held that it could not; that the repeal of the previous acts was so com-

plete as to relieve the abutting landowners, even where the proceeding for the improvement was entered into before the passage of the act. Section 18 of the new act contains the repealing clause of the act in these words: "All acts and parts of acts inconsistent with the provisions of this act be and the same are hereby repealed; *provided,* that this repealer shall not revive any act heretofore repealed, nor shall any proceeding for the improvement of any public road entered into before the passage of this act abate, but such proceeding shall continue, as near as may be, as if the same had been commenced hereunder."

We concur in the view, expressed by the learned justice who delivered the opinion of the Supreme Court, that the new act was, for all purposes *in futuro,* a complete repealer of the act of 1895, but we are unable to concur in the view that the act abrogates the right of the county to pursue its remedy under the old act to reimburse itself a portion of the cost of improvements previously undertaken by means of assessment of benefits. But for the eighteenth section, just recited, we think the new act must be regarded as prospective only, and as having no effect whatever on proceedings previously begun.

Leaving out of view for the present the proviso in the eighteenth section, does the repealing clause reach the proceeding to assess benefits in proceedings entered upon before the passage of the new act under section 8 of the act of 1895? The repealer is limited to those acts and parts of acts inconsistent with the provisions of the act of 1903. Now, there is no section of the new act which provides for the raising of the county's proportion of the cost of improvements previously begun. Section 9 of the act of 1903 is the only section of that act providing for the raising of the county's proportion of the road tax, and that covers only "work contracted for under the provisions of this act." The state's appropriation for the cost of roads to be constructed is also based upon "the cost of all roads constructed under the provisions of this act."

And since there are thus no provisions in the act of 1903 relating to the raising of money for the payment of the cost of road improvements entered upon before the passage of the

act, it follows that the provisions of section 8 of the act of 1895, so far as they apply to such proceedings previously begun, are not inconsistent with the new act, and hence to that extent they are not repealed or made abortive by the express repealer in the act of 1903.

The defendants in error must therefore look to the proviso of section 18, above recited, alone to support their contention.

And they rely largely upon the clause of the proviso which reads "but such proceeding [that is, proceeding for the improvement of any public road entered into before the passage of the act] shall continue, as near as may be, as if the same had been commenced hereunder." There is nothing in this, we think, inconsistent with the proceedings in question. They are to be continued, of course, under the new act "as near as may be," but since, as we have noticed, there are no provisions in that act which provide for the raising of the funds to pay for roads previously begun, and there is none as to the raising of the ten per cent. of the cost of such roads previously begun provided for in the former act, in proceedings already begun recourse may be had to those provisions of the former act as stand unrepealed in the way pointed out.

In support of these views we are sustained by a decision of the Supreme Court in *Haines* v. *Freeholders of Burlington,* 44 *Vroom* 82. The decision in this case was reached only a short time prior to that now under review, and we are informed in the brief of counsel for the defendants in error that the opinion in the Haines case had not been published previous to the hearing of this case in the Supreme Court, and had escaped their notice. The Haines case embraces the same question here involved, as we understand it, and affirmed the proceedings for assessment. Upon the point we are just discussing, Mr. Justice Dixon, in the opinion, said: "The proviso, by declaring that such a proceeding shall not abate, requires that it should not fail in any substantial provision. The further declaration that it shall continue, as near as may be, as if the same had been commenced under the act of 1903 simply means that if that act provided a different method of accomplishing the same result the new method should be

pursued. It does not imply that any public right should be abandoned or any private obligation released."

Nor are we able to concur with the Supreme Court in the case *sub judice* in the view that there is an implied repealer of the act of 1895 and its supplements in so far as they are consistent with the act of 1903.

The rule is that "an inferential repeal of a statute is a pure question of intention, and that every reasonable intendment will be made against such result. Such destroying effect will be deemed to reside in the more recent statute only when it is absolutely irreconcilable with the prior one." *Ruckman* v. *Ransom,* 6 *Vroom* 565.

Another rule of construction applies here, which is that the courts will not imply a more extensive repeal than is contained in the express repealer. In support of this rule, in the case of *Henderson's Tobacco,* 11 *Wall.* 652, where in the statute under consideration there was an express repealer quite similar to the one under consideration, Mr. Justice Strong, speaking for the Supreme Court of the United States, said : "This is an express limitation of the extent to which it was intended former acts should cease to be operative, namely, only so far as they are inconsistent with the new act. It is quite inadmissible to engraft upon this express declaration of legislative intent an implication of more extensive repeal." See, also, *Loan Association* v. *Fawick,* 79 *N. W. Rep.* 847; *Gaston* v. *Merriam,* 22 *Id.* 614; *Lewis* v. *Stout,* 22 *Wis.* 234; *Patterson* v. *Tatum,* 3 *Sawy.* 164.

Another reason why we think it was not within the legislative intent in the enactment of the act of 1903 to abrogate the county's right to recover ten per cent. of benefits from the owners of land along the road so improved is this:

It is provided in section 1 of the act of 1903 that before the approval of any road the board may require, as a condition of such approval, that the township or other municipality through which the road runs shall pay ten per cent. of the cost of the improvement. It thus appears that it was not the intent of the act to subject the taxpayers of the county at

large to the raising of more than two-thirds of the cost of such improvement, to be made upon petition.

In proceedings begun before the passage of the act it is manifest that the board has had no opportunity to exact such a condition of its approval, so that if the view of the defendants in error is to prevail, the freeholders of Somerset, who are trustees of the taxpayers, will be left without remedy as to the ten per cent., and must cast that additional burden upon the taxpayers of the county.

We do not think it at all clear that it was the legislative intent to thus vary from the former policy under the Road Improvement acts and work out so inequitable a result.

Our conclusion is that, for the reasons stated, the judgment below must be reversed and the writ of *certiorari* dismissed.

*For affirmance*—None.

*For reversal*—MAGIE, CHANCELLOR, THE CHIEF JUSTICE, GARRISON, HENDRICKSON, SWAYZE, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.   12.