*51 Vroom.*          Fairfield Dairy Co. v. Peer.

---

FAIRFIELD DAIRY COMPANY v. THOMAS PEER, COLLECTOR OF THE TOWNSHIP OF CALDWELL, &c.

Submitted July 8, 1910—Decided November 5, 1910.

1. By the provisions of the act entitled "An act to provide for the permanent improvement of public roads in this state" (*Pamph. L.* 1895, *p.* 424, § 17), there were two remedies given to the township for the enforcement of assessments for benefits, both of which could not be exercised, for they led to the same result. The choice between the two modes of procedure was placed in the discretion of the township committee. Until the proceedings of the township committee exhibited the course which "they may deem proper," no choice was made.

2. The determination of the collector cannot be substituted for the discretion of the governing body in reference to the choice of remedies, and, therefore, the collector had no right to proceed to sell assessed property until authority had been conferred upon him for that purpose.

3. The act of 1895 (*Pamph. L.,* *p.* 424, § 17), makes the term for which land may be sold for assessments such as purchasers would get at the time of its enactment for lands sold for unpaid taxes. Under such limitation, subsequently passed enactments will not be engrafted upon the law.

4. Where the recitals of a certificate of sale made pursuant to section 52 of the General Tax act of 1903 fail to show that there were no bidders for a shorter term than a fee, thereby a sale in fee is excluded.

On *certiorari.*

Before Justices GARRISON, SWAYZE and VOORHEES.

For the prosecutor, *Riker & Riker.*

For the defendant, *J. Henry Harrison.*

The opinion of the court was delivered by

VOORHEES, J. This *certiorari* is sued out to test the legality of a certificate of sale dated February 4th, 1909, made by the collector of taxes of the township of Caldwell in Essex county. The scope of this paper will be fully displayed by setting forth the recitals. The collector certifies "that at a public sale of real estate * * * on the 26th day of January, 1909, for the purpose of making the amount due upon a certain assessment for the improvement of Dutch lane * * * pursuant to an act entitled 'An act for the permanent improvement of public roads in this state,' approved March 22d, 1895, and the supplements and amendments thereto, all that certain real estate assessed to Fairfield Dairy Co. (describing it), was struck off and sold to the township of Caldwell for a term of fee-simple years from the date of sale, the said township having bid and agreed to take the said real estate for the shortest term of years for which any person would take the same and pay the amount of the assessment, with interest thereon and costs of sale."

The case shows that the proceeding to improve the road was begun by petition presented to the board of chosen freeholders on April 21st, 1902; that the board granted the prayer of the petition February 13th, 1903, and ordered the preparation of map and a profile and specifications for grading and paving, which were approved on April 9th, 1903, and

ordered forwarded to the state commissioner of roads for his approval.

The record shows a report of commissioners appointed by the Circuit Court to estimate and assess the peculiar benefits and the amount of the several assessments made by them. The report is without date, but the testimony shows that the assessments were confirmed October 6th, 1906, and that the report was delivered to the township collector May 24th, 1907.

For the purposes of this case it will be assumed that because the petition initiating this improvement had been presented before the approval of the repealing act of 1903 (*Pamph. L., p.* 145), although the work had not then been authorized, or the plans yet been approved by the state commissioner of public roads, it was lawful to proceed and complete the work under the act of 1895. *Anderson* v. *Cortelyou,* 46 *Vroom* 532.

The prosecutor makes the point that the township collector was without authority to make sale of the lands because the township committee had not directed him to proceed to a sale. The act of 1895, section 17, provides that if the assessment is not paid within the time appointed "the township committee * * * as they shall deem proper may either bring an action on contract in any court of competent jurisdiction in the corporate name of such township * * * against the owner of such * * * land for so much money laid out and expended by them for the use of such owner, * * * or they may proceed to collect the said assessment by sale of the lot * * * whereon such assessment has been imposed or may be a lien in the same manner and to the same extent as lands are now sold for unpaid taxes in such township" to be held by the same title and tenure "as purchasers at the sales of lots or tracts of land for unpaid taxes can now hold and enjoy the same in such township."

There were two remedies given to the township. They could not both be exercised for they led to the same result. The choice between the two modes of procedure was by the statute placed in the discretion of the township committee. Until the proceedings of the township committee exhibited

the course which "they may deem proper," no choice was made.

The determination of the collector cannot be substituted for the discretion of the governing body and therefore the collector had no right to proceed until authority had been conferred upon him for that purpose.

It is next objected that the collector had no power to sell the land in question for the "term of fee-simple years." At the time of the passage of the act of 1895, a fee could not be conveyed by sale for taxes made by the township authorities.

The act of 1895 makes the term such as purchasers would get at the time of its enactment for lands sold for unpaid taxes. Under such limitation, subsequently passed enactments will not be engrafted upon the law. If therefore the phrase "for a term of fee-simple years" means a conveyance in fee, this renders the sale void, for thirty years seem to have been at the time of the passage of the act of 1895 the longest term for which lands could be sold for taxes. *Gen. Stat., p.* 3357. If it does not mean a fee, then no term appears.

The defendant insists that the sale is governed by the General Tax act of 1903. We do not assent to such contention and for the reason above expressed, but if we did it would not help the defendants. Section 52 of the General Tax act of 1903 enacts that the collector shall sell the real estate "to such person as will purchase the same for the shortest term and pay the tax lien  *  *  *  or in fee where no one will bid for a shorter term."

The recitals of a certificate of sale made pursuant to section 52 of the General Tax act of 1903 fails to show that there were no bidders for a shorter term and thereby a sale in fee is excluded.

The next point raised by the prosecutor is that the collector had no authority to sell the lands in question after October 6th, 1908, because on that date the lien given by the statute had expired. Section 15 of the act deals with this subject and creates a lien from the date of confirmation "in the same manner and to the same extent that taxes are liens upon lots  *  *  *  situate in the township."

Possibly this provision might be construed to mean a change with the changes made from time to time in the General Tax law. It is not, however, necessary to decide the point since there must be a reversal upon the grounds above noted. The certificate of sale will be set aside, with costs.